■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WANDELL, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 26, 1986, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was an inmate at Elmira Correctional Facility in Chemung County when, in July 1986, a search of his cell produced a toothbrush with a razor melted into the handle. Upon further investigation it was discovered that defendant and another inmate had planned to escape in which they were going to use the weapons they had manufactured. Defendant was indicted for the crime of promoting prison contraband in the first degree. Following a jury trial, defendant was found

guilty of the charged crime. He was sentenced to the maximum period of incarceration, 3½ to 7 years. This appeal followed.

Defendant contends that County Court violated the provisions of CPL 390.20 (1) by indicating before the trial had commenced that, if defendant was found guilty, defendant would be sentenced to the maximum period of incarceration allowed under the law. CPL 390.20 (1) provides that "where a person is convicted of a felony, the court must order a presentence investigation of the defendant and it may not pronounce sentence until it has received a written report of such investigation". Initially, we note that the statement complained of was not an actual pronouncement of a sentence and, therefore, the provisions of CPL 390.20 (1) are not applicable to defendant's argument. Indeed, before the actual sentence was pronounced, County Court reviewed an updated presentence report. The court's statements before trial were merely gratuitous and in no way binding upon the ultimate sentence.

Nevertheless, such gratuitous statements cannot be looked upon favorably. Generally, such statements by a Judge with respect to the ultimate sentence to be imposed made prior to commencement of a trial would create a situation where remittal for resentencing before another Judge might be in order. While we do not condone or deem prudent County Court's action in this respect, after review of the record we do not believe that remittal is necessary in this particular case.

The comments of which defendant complains on this appeal were made by County Court on October 20, 1986. Less than five months earlier, on June 2, 1986, the same Judge had sentenced defendant upon his conviction for the crimes of promoting prison contraband in the first degree (the same crime for which he currently stands again convicted) and assault in the second degree. Before pronouncing sentence for these prior convictions, County Court had reviewed a presentence report. The report revealed that defendant, by the time he had reached his then age of 18, had an extensive criminal record and, while in prison, had attacked a correction officer. The court imposed the maximum sentence for those crimes. Approximately a month later, defendant was again charged with promoting prison contraband in the first degree. County Court's indication that defendant would receive the maximum sentence if convicted is not surprising in light of the fact that the court had, just a short time before, reviewed defendant's record and had imposed the maximum sentence of imprison-

ment for a conviction of the same crime for which defendant was currently before the court. Finally, a review of the record does not reveal that County Court's statements prejudiced defendant's trial in any fashion.

Defendant's remaining contention, that the County Judge should have recused himself, has been considered and found unpersuasive.

Judgment affirmed. Mahoney, P. J., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.